Your Honor, may it please the Court. Cheryl Gordon-McLeod on behalf of Tuyet Nguyen. This is a case in which the relevant conduct issue was critical. If the crimes of conviction had driven the sentence, then the sentencing range would have been zero to six months, given that they were Class E felonies. Instead, the sentencing range became 63 to 78 months. Clearly, something else drove the sentencing guidelines. What drove the sentencing guidelines were 14 rejected counts, 10 counts on which the jury refused to convict and four counts that this Court reversed the last time that I was here. Allowing the 14 rejected counts and not the three counts of conviction under Section 331 to drive the sentence violates both the statutes, the enabling statutes, and the guidelines. Excuse me just a minute. The clock doesn't seem to be running. That's fine. There you go. Okay. Thank you. With regard to the statutes, I'm talking about Sections 3553A, of course, and Section 991 and 994, which cross-reference 3553A. And all of those talk about giving the Sentencing Commission the authority to set guidelines for, quote, the offense, close quotes, not the offense plus other offenses. But I think you take as established law that uncharged counts can be used, even acquitted counts can be used as sentencing enhancements, correct? Yes. Okay. So the question is really the relevance of this additional behavior. Is this related behavior? Correct. I acknowledge Watts and I acknowledge Witt. I acknowledge that the Supreme Court has held that. But the Supreme Court has not held that those are the ones that can drive the sentence. And I think if you look at the structure of 3553A, it says that it's the offense of conviction that should drive the sentence. So whereas here you've got a difference between 0 to 6 on the one hand and 63 to 78 on the other hand, it's more than just consideration. The actual sentence imposed on remand was reduced, so I think it was a 24-month sentence the second time around. I know this is illegally irrelevant, but I can't resist asking, when was the sentence imposed, how much does she have remaining on the sentence? She's on bond pending appeal, Your Honor. I see. So she's not begun to serve at all. Correct. This was an expedited appeal. The sentencing, I believe, was just in December, and she remains on bond. Okay. So it is important to her. Would you explain your use of the term that drives the sentence? You answered that we can consider crimes where there was an acquittal. But you said, but they can't drive the sentence. Will you tell us what you mean by that? Well, I think what I'm doing is looking at the structure of the statutes, 3553A, 991, and 994. And since they focus on the offense of conviction, and we know from United States v. Huey, the 1990 restitution case, that the offense refers to the offense of conviction, it's a structure that focuses on the offense of conviction. It certainly allows the district court to consider the circumstances of the offense, and the Guidelines Commission said that relevant conduct is among the circumstances of the offense. But considering the circumstances of the offense is different from flipping the focus to the other offenses. So you're making a 3553 argument? My statutory argument is based on 3553. My guidelines argument is based on 1B1.3 primarily. And I'll move to that. 1B1.3, of course, the relevant conduct statute, I think we're primarily looking at A, 1, A, and B. That's the one that makes the prerequisite to finding of criminal relevant conduct that the other conduct occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of essentially a cover-up for that offense. That language excludes most of the substantive counts, even the counts that were acquitted and that were reversed, because almost all of them occurred on separate dates. I could go through them, but basically it comes down to only two substantive Section 2314 counts occurring on the same dates in 2000 that these crimes occurred on. So I think what we're really looking at is the conspiracy conviction. The real question is the conspiracy, that continuing offense. Did the three days of the Section 331 misbrandings cause the conspiracy that lasted from 1998 to 2003? In other words, did three days of what Ms. Nguyen was actually convicted of cause the rest of it? And the reason I say cause is because that during language has been interpreted to be approximate causation requirement. And for that I'm relying on U.S. v. Cruz-Gramajo, which the government, I believe, cited in its briefs, which specifically adopts approximate causation and eschews simple but-for causation for all of 1B1.3. So we've got approximate cause requirement that's wrapped up in the phrase during, in prep for, or as cover-up for. Is it true that those three Section 331 crimes on July 15th, August 10th, and August 15th in 2000 caused a conspiracy from 1998, well before it, to 2003, well after it? Temporally, the answer has to be no. Proximate cause-wise, the answer has to be no. It occurred after, several years after, the offense started. Did it cause, and the other point is that the conspiracy wasn't just a general conspiracy. It was a conspiracy to commit the 2314 offense. That's the theft offense. That's not what Ms. Nguyen was convicted of. That's what she was either found, that's what the jury either refused to convict on or this Court reversed. So I think the real way to ask the question is, did those three Section 331 crimes cause a six-year conspiracy to commit some other crime? And I think the only reasonable answer is no. That flips causation around. It's much more accurate to say the conspiracy, the overall six-year conspiracy, caused those three discrete days of offenses, and that's not enough for relevant conduct. Relevant conduct requires proximate cause going in the other direction. This may be too hard for you to do on the spur of the moment. Can you point me to case statute or regulation language that tells me that cause is the operative concept here? I can point you to a case. United States v. Cruz-Gramajo. I've got that here in front of me. I have written down that it's at pages 1168, 69, and 70, including footnote 9. And, of course, Cruz-Gramajo was the case where we had a continuing offense, the 1326 immigrant found in the United States offense. And in order to increase the criminal history score, this Court had defined that the state crimes that occurred on discrete dates during that continuing offense were not relevant conduct. And that's exactly what this Court did. This Court said, well, yeah, they were during, but it's not just a temporal inquiry. It's a proximate cause inquiry. I think that's the case that says it's not simply a but-for inquiry, and I don't have it in front of me. It's either page 1169 or 1170. And that's what enabled this Court to say, okay, those state court crimes occurring during the commission of the 1326 offense, nevertheless, were not relevant conduct because there was no proximate cause connection between the two of them. Okay. I see that you're looking as I'm speaking, so I'm going to reserve a minute or so for rebuttal, and if I can get you the exact sentence, I will do that. Okay. I've got the case in my hand. Why don't we hear from the government, and then we'll give you a chance to respond. Thank you, Your Honor. And the clock gave you a gift of a minute or so, which we will not retrieve. Good morning, Your Honors. May it please the Court. My name is Susan Weitz. I'm counsel for the United States. We are here to determine whether the district court properly applied the guidelines in resentencing the defendant to 24 months, a sentence 39 months below the guideline range as the court determined, and a sentence that was equal to the sentence imposed on the other two defendants. I agree it's appropriate to start with the statute, Section 3553A. The very first item that the court is to consider, and it says shall consider in determining what sentence to impose, is, quote, the nature and circumstances of the defense. The circumstances of the offense, the misbranding offense here, was that the serial numbers were changed to facilitate and cover up the crime of dealing in stolen property. Had they not changed the serial numbers, their entire scheme and plan would have failed. Changing the serial numbers was an essential part of the course of the defendant's conduct in the larger scheme. The question here is, was the district court clearly erroneous in making these factual findings? The answer is clearly no. The district court heard the evidence at trial, properly considered as relevant conduct, the larger scheme of which the misbrandings were just a part in determining the sentence. This is consistent with another important sentencing statute. That's 18 U.S.C. Section 3661. No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing a sentence. Now, relevant conduct, this court has long held that relevant conduct should be considered in determining specific offense characteristics, such as loss. The guidelines are clear here about what steps the court has to take in reaching the sentence. Guideline 1B1.2a says first the district court has to decide what guideline section applies. Here there is no dispute that the guideline section that applies is the 2B1.1, and that's because of the cross-reference, because of the nature of the misbrandings being a felony offense taken with the intent to defraud and deceive and to cover up and further another crime. Counsel, may I ask you what standard the court used in making its factual findings? Did it use preponderance of the evidence or clear and convincing? I think at the time of the resentence, clearly preponderance of the evidence does apply. So there's no question that the court, this court, in reversing certain of the counts, considered it beyond a reasonable doubt standard, and that clearly is not applicable here. Well, wasn't the sentence imposed so much greater than the guideline that there should have been a higher standard in terms of determining the facts underpinning? Well, I will note, Your Honor, that the guideline found by the court was 63 to 78 months. It's 39 months below that guideline. So the amount of the loss I think has to be looked at in the context of what the court really found, which was 24 months was the ultimate sentence, which is a clear departure. And again, I believe the standard is clearly preponderance of the evidence. Well, the court used the dismissed counts, though, to come up with the ‑‑ to calculate the guideline range. That's correct, Your Honor. I believe that's perfectly appropriate under the law and the relevant conduct sections. After the court determines what the appropriate guideline is, 2B1.1, the second step tells the court, this is 1B1.1 2B, tells the court that it must determine the guideline range in accordance with Section 1B1.3. That is, in accordance with the relevant conduct provisions. Additionally, confirming directions on how the court has determined the guideline range are found in 1B1.5 because we are dealing with a cross-reference. That section says, a cross-reference, that is an instruction to apply another offense guideline, refers to the entire offense guideline, that is, the base offense level, the specific offense characteristics, cross-references, and special instructions. In sum, the guidelines could not be any clearer. The district court is to consider the entire offense guideline, 2B1.1, in sentencing the defendant. The district court is also to consider the relevant conduct. We'll also note at this point, what is the ‑‑ how does the court define offense or how do the guidelines define offense? This is comment H to 1B1.1. Offense means the offense of conviction and all relevant conduct under 1B1.3, unless a different meaning is specified or is otherwise clear. Now, could you address specifically opposing counsel's argument about causation? Well, I think that's a false argument. It's not causation. The court deals with relevant conduct in the course of, is it part of an overall scheme and plan? Here, there really isn't any good explanation for changing serial numbers on devices made to look like it's the original label. I'll just read to you the footnote 9 in Cruz-Gramajo to make sure that you're focusing on the same language. We wrote in Cruz-Gramajo, the harm considered relevant for purposes of 1B1.3A3 is limited to harm that was a direct result or flowed naturally from the defendant's criminal misconduct. How is the conduct that the district court considered here as relevant conduct that was the direct result or flowed naturally from the crimes of conviction? Well, the crime of conviction is misbranding. The misbranding facilitated clearly directly related to the crimes of dealing in stolen property. There's no other reason to misbrand. And I'm sure we're going to get some variation on this argument that's more precise than I can make it. We had very specific instances of changing the serial numbers. Correct. How tight must the connection be between the very specific convictions on specific changing of serial numbers B to harm that comes from that conduct? I think the question is, is it part of the overall scheme and plan? Are those specific instances of misbranding? And that's not the only evidence that the court had. Of course, the court considered the other misbrandings that occurred as it can consider other conduct, you know, in other relevant conduct cases, not just the counts of conviction because it is set in the guidelines. Offense means the offense of conviction and all relevant conduct. So the other misbrandings are part of that. Counsel, were you trial counsel in this case? I was. Misbranding, these misbrandings occurred during the period of the conspiracy. There isn't any question about that. They occurred, the misbrandings and the other relevant conduct occurred during the period that we charged as the conspiracy. But all the misbranding, were all the misbranding allegations, did they all result in convictions? They did not, Your Honor. And I believe the reason for that is the most clear evidence we had related to the two known thieves. There were clearly misbrandings that occurred after that. I mean, in 2003, three years after these misbrandings, there were probes found on a shelf at CMS, Columbia Medical Systems, that were clearly misbranded, that had the false serial numbers three years later. We were never able to identify who the other sources of stolen property were after these particular defendants withdrew. Mr. Merck and Mr. Davies. So this period really is the heart of this. This period in 2000 when Mr. Merck was stealing probes, when they were writing checks saying they were buying property from Mr. Merck, is occurring at the same period of time as these probes. The Davies transactions also occurred in 2000. Now, the comment to 2B2.1 cited by the defendant doesn't change what I've said earlier about the relevant conduct. And that's clear if you read the entire comment. Here's the first part of the comment that the defendant focuses on. Section 1B1.2 directs the court, once it has determined the applicable guideline, that is the applicable guideline section from Chapter 2 under 1B1.2a, to determine any applicable specific offense characteristics under that guideline, comma, and any other applicable sentencing factors pursuant to the relevant conduct provisions in 1B1.3. And that's where she stops and she focuses on the comment. But if you look at the rest of it, it says, where there is more than one base offense level within a particular guideline, the determination of the applicable base offense level is treated in the same manner as a determination of a specific offense characteristic. Accordingly, the relevant conduct criteria of 1B1.3 are to be used, unless a conviction under a specific statute is specifically required. This court has held that the relevant conduct provisions are to be interpreted broadly. And that is a finding that is adopted by every other court in this country, as far as I can tell, in terms of broad principles. For example, in a case I just looked at yesterday, U.S. v. Williams, 217 Bedford 751, it was an embezzlement case. The court there considered, focusing on the 18 U.S.C. 361 statute, that it was perfectly appropriate to consider time-barred conduct, so conduct that occurred outside the statute of limitations for purposes of enhancing a defendant's sentence. They said it's consistent with this court's prior cases, interpreting broadly the relevant conduct provision, largely unrestrained by whether the defendant has been held criminally accountable for such actions. With respect to the Cruz-Gromeo case, I would encourage the court to read Judge Lasnik's response. It's in, I think, in a footnote, in his written order of sentencing, because he directly addresses the Cruz-Gromeo case, which was a case where the defense was trying to make something relevant conduct so that it would not be a prior offense conviction and increase the defendant's criminal history. That was the context of that case. It was really the defendant trying to say this isn't relevant conduct, that it isn't criminal history, it's relevant conduct, and the court just didn't buy that in that particular case. Here we are dealing with a scheme to defraud. It's a scheme and artifice to defraud. It was clearly tied here, the misbrandings. Now you're over time. Do you want to sum up? Yes, Your Honor. The clock starts to count up again. Okay. The sentencing guidelines relating to relevant conduct are clear as applied in this case. The theft of the medical devices is clearly relevant to the misbranding. The changing of the serial numbers was part of the same scheme and plan, a very important part of the same scheme and plan, and it was clearly part of the same course of conduct. This is language that is relevant to the sentencing guidelines. The trial court's clear findings in its written order are supported by substantial evidence developed at trial. To conclude that the misbrandings were separate and not a part of the bigger scope would be to put on, as the district court said, blinders of extraordinarily narrow scope, and that is inconsistent with this court's prior precedent. Okay. It would be inconsistent with the ñ am I over? Yeah, you're now a minute 50, but I'm just asking you to finish, to sum up the sum up. All right. The district court did not make any erroneous factual findings here, much less clearly erroneous factual findings in determining the extent of the relevant conduct. The 24-month sentence, the same sentence given the other defendants, is well below the advisory guideline range, and considering the breadth of the crimes committed by the defendant, it is more than reasonable, and this sentence should be upheld. Okay. Thank you very much. Respond, please. Your Honor, in response to the question about whether all the misbranding resulted in convictions, the answer is no. Counts 6, 7, and 8 did result in convictions, and those dates were July 25, August 10, and August 15 of 2000. Counts 9 and 10 and 11, also charged as misbranding, did not result in convictions. The jury did not return a guilty verdict on those, and those dates on those were in 2001 and 2002. Likewise, with the Section 2314 counts, not all of them resulted in convictions. The dates that were specifically linked to these misbranding counts pretty much did result in convictions, and the other ones didn't. And tied in with your question, I wanted to point out that the conspiracy count, count 1, was a conspiracy, a 2314 conspiracy, conspiracy to transport stolen property and interstate commerce. So if you're looking back to the overt acts and the counts on which that's based, it's the specific dates of specific activities on which the jury, many of which the jury refused to convict. Counsel referred to Guideline 1B1.1, Note 1, Sub H, I think, as defining offense to always mean more than the offense of conviction. Well, that's a guideline. 3553A is the statute. Huey, the Supreme Court case, said that offense typically means offense of conviction when it's used in a statute. And although the statute at issue in Huey was amended by Congress to change that result, 3553A was never amended. So 3553A's definition of offense remains. Okay. Thank you, Your Honor. Thank both sides for a helpful argument. The case of United States v. Wynn is now submitted for decision.
judges: Alarcon, Fletcher W. , Rawlinson